R.J.T. Food & Rest., LLC v ResCap Liquidating Trust (2020 NY Slip Op 04608)





R.J.T. Food & Rest., LLC v ResCap Liquidating Trust


2020 NY Slip Op 04608


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-11574
 (Index No. 615307/16)

[*1]R.J.T. Food and Restaurant, LLC, et al., respondents,
v
ResCap Liquidating Trust, etc., appellant, et al., defendants.


Houser & Allison, APC, New York, NY (Jordan W. Schur of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, A Professional Corporation, New York, NY (David K. Fiveson and Claudia G. Jaffe of counsel), for respondents.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record certain mortgages, the defendant ResCap Liquidating Trust appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated September 17, 2018. The order granted the plaintiffs' motion for summary judgment on the first cause of action and denied the cross motion of the defendant ResCap Liquidating Trust for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
A predecessor in interest of the plaintiffs gave a mortgage on certain real property (hereinafter the subject mortgage) in favor of a predecessor in interest of the defendant ResCap Liquidating Trust (hereinafter the defendant). An action to foreclose the subject mortgage was commenced in 2005 (hereinafter the 2005 action). A separate action to foreclose the subject mortgage was commenced in 2008 (hereinafter the 2008 action). The 2008 action was discontinued by stipulation, that same year, based on the pendency of the 2005 action. Ultimately, in the 2005 action, a predecessor in interest of the plaintiffs was awarded summary judgment dismissing the amended complaint insofar as asserted against him, without prejudice, based on lack of standing (see Homecomings Fin., LLC v Guldi, 108 AD3d 506).
In 2016, the plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record certain mortgages, including the subject mortgage. The plaintiffs moved for summary judgment on the first cause of action, seeking to cancel and discharge of record the subject mortgage. The defendant cross-moved for summary judgment dismissing the amended complaint insofar as asserted against it. In an order dated September 17, 2018, the Supreme Court granted the plaintiffs' motion and denied the defendant's cross motion. The defendant appeals.
RPAPL 1501(4) provides, in part, that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the [*2]cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom." An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see 21st Mtge. Corp. v Nweke, 165 AD3d 616, 618; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1069-1070).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the first cause of action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage by demonstrating that more than six years had passed since the subject mortgage was accelerated by commencement of the 2008 action (see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629; 21st Mtge. Corp. v Nweke, 165 AD3d at 618).
The defendant failed to raise a triable issue of fact in opposition. Contrary to the defendant's contention, the stipulation discontinuing the 2008 action did not, in itself, constitute an affirmative act to revoke the acceleration since, inter alia, the stipulation was silent on the issue of revocation of the election to accelerate, and did not otherwise indicate that installment payments would be accepted (see Ditech Fin., LLC v Naidu, 175 AD3d 1387, 1389, lv granted 34 NY3d 910; Aquino v Ventures Trust 2013-I-H-R by MCM Capital Partners, 172 AD3d 663, 664; Bank of N.Y. Mellon v Craig, 169 AD3d at 629; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 809; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633, lv granted in part 33 NY3d 1039; cf. NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d at 1070). Additionally, there is no merit to the defendant's alternative contention to the effect that no acceleration occurred (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39-40).
Moreover, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it.
Accordingly, we agree with the Supreme Court's determination granting the plaintiffs' motion for summary judgment on the first cause of action and denying the defendant's cross motion for summary judgment dismissing the amended complaint insofar as asserted against it.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court