U.S. Bank N.A. v Lent (2021 NY Slip Op 02557)





U.S. Bank N.A. v Lent


2021 NY Slip Op 02557


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-04977
 (Index No. 58781/16)

[*1]U.S. Bank N.A., etc., respondent,
v
Gerald Lent, etc., appellant, et al., defendants.


The Hilpert Law Offices, Croton-on-Hudson, NY (Jeffrey P. Rogan of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York, NY (Ben Z. Raindorf and Robert N. Pollock of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gerald Lent appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Mary H. Smith, J.), entered September 13, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated March 22, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and denying that branch of that defendant's cross motion which was for leave to amend his answer to assert the defense of statute of limitations, and thereupon, in effect, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as time-barred, and upon an order of the same court, also dated March 22, 2018, inter alia, referring the matter to a referee to compute the amount due to the plaintiff, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In November 2006, the defendant Gerald Lent (hereinafter the defendant) borrowed the sum of $584,500, which was secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for nonparty Mortgageit, Inc., encumbering residential property located in Westchester. On March 24, 2009, the plaintiff, U.S. Bank N.A., commenced a foreclosure action against the defendant, among others (hereinafter the 2009 action). In an order dated March 12, 2013, the Supreme Court granted the plaintiff's motion, inter alia, to voluntarily discontinue the 2009 action without prejudice. In July 2013, the plaintiff commenced a second foreclosure action against the defendant, among others, based on the defendant's alleged default on the same mortgage (hereinafter the 2013 action). In August 2015, the plaintiff's loan servicer, Select Portfolio Servicing, Inc. (hereinafter SPS), sent the defendant a Home Affordable Modification Agreement (hereinafter loan modification agreement) with instructions to execute and return the loan modification agreement to SPS on or before September 10, 2015. Notwithstanding such instructions, the defendant executed the loan modification agreement on November 10, 2015, and the plaintiff's representative countersigned the agreement on November 20, 2015. Thereafter, in an order dated April 29, 2016, the Supreme Court granted the plaintiff's motion, inter alia, to voluntarily [*2]discontinue the 2013 action. The defendant failed to make payment under the loan modification agreement. In June 2016, the plaintiff commenced this third foreclosure action against, among others, the defendant.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him, or in the alternative, pursuant to CPLR 3025 for leave to amend his answer to assert the statute of limitations as an affirmative defense, and thereupon, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In two orders, both dated March 22, 2018, the Supreme Court granted those branches of the plaintiff's motion, denied the defendant's cross motion, and referred the matter to a referee to compute the amount due to the plaintiff. Thereafter, the court issued an order and judgment of foreclosure and sale. The defendant appeals, and we affirm.
Contrary to the defendant's contention, the plaintiff established, prima facie, that it had standing to commence this action by submitting in support of its motion a copy of the note, endorsed in blank, that was annexed to the complaint at the time the action was commenced (see Bank of N.Y. Mellon v Voila, 181 AD3d 767, 769; U.S. Bank N.A. v. Offley, 170 AD3d 1240, 1241). Also contrary to the defendant's contention, the plaintiff also sufficiently established, prima facie, that the defendant defaulted in payment under the note (see Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 557; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). In opposition, the defendant failed to raise a triable issue of fact.
The Supreme Court providently exercised its discretion in denying the defendant's cross motion to amend the complaint to assert an affirmative defense based upon the statute of limitations. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading 'are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]).
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808; see U.S. Bank N.A. v Atia, 178 AD3d 747, 749). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 808, quoting EMC Mtge. v Patella, 279 AD2d 604, 605).
During the pendency of this appeal, the Court of Appeals decided Freedom Mtge. Corp. v Engel (___ NY3d ___, ___, 2021 NY Slip Op 01090, *6), in which it held, inter alia, that "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder." Thus, the plaintiff's voluntary discontinuances of its two prior foreclosure actions constituted affirmative acts of revocation of its prior accelerations of the mortgage debt as a matter of law (see ___ NY3d at ___, 2021 NY Slip Op 01090, at *6). Therefore, the statute of limitations did not begin to run until the plaintiff commenced this action. Since this action is not time-barred by reason of any prior acceleration of the mortgage debt, the defendant's motion to amend its answer to assert an affirmative defense based upon the statute of limitations is patently devoid of merit.
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court