128 Skillman St. 4A, LLC v Nationstar Mtge., LLC (2021 NY Slip Op 02507)





128 Skillman St. 4A, LLC v Nationstar Mtge., LLC


2021 NY Slip Op 02507


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-06774
 (Index No. 513195/17)

[*1]128 Skillman St. 4A, LLC, respondent,
v
Nationstar Mortgage, LLC, appellant.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Dean Boyer of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated April 4, 2019. The order granted the plaintiff's motion for summary judgment on the complaint and to strike the defendant's answer.
ORDERED that the order is affirmed, with costs.
In July 2003, nonparty Aron Deutsch borrowed the sum of $205,000 from nonparty Flagstar Bank, FSB. The loan was memorialized by a note and secured by a mortgage encumbering real property located in Brooklyn. Thereafter, the mortgage was assigned and the note was transferred to nonparty BAC Home Loans Servicing, LP (hereinafter BAC). In September 2009, BAC commenced an action to foreclose the mortgage (hereinafter the BAC action). The complaint alleged that Deutsch had defaulted in payment and that BAC was electing to declare due the entire amount secured by the mortgage. In November 2012, the Supreme Court dismissed the BAC action for noncompliance with a prior order directing the filing of a motion for an order of reference.
In December 2014, a second action to foreclose the mortgage (hereinafter the Ocwen action) was commenced by nonparty Ocwen Loan Servicing, Inc., an assignee of the mortgage. During the pendency of the Ocwen action, the mortgage was assigned to Nationstar Mortgage, LLC (hereinafter Nationstar). By order dated January 21, 2016, the Supreme Court directed dismissal of the Ocwen action for lack of standing. In September 2016, a successor in interest to Deutsch transferred the subject property to 128 Skillman St. 4A, LLC (hereinafter Skillman).
On or about July 6, 2017, Skillman commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, alleging that the six-year statute of limitations to foreclose the mortgage had expired. Nationstar interposed an answer.
Thereafter, Nationstar commenced a third action against Deutsch and Skillman to foreclose the subject mortgage (hereinafter the Nationstar action). By order dated March 15, 2019, the Supreme Court denied Nationstar's motion for summary judgment on the complaint and for an order of reference, and granted the cross motion of Deutsch and Skillman to dismiss the Nationstar [*2]action as time-barred.
In January 2019, Skillman moved in this action for summary judgment on the complaint and to strike Nationstar's answer. Nationstar opposed the motion, contending that Skillman lacked a valid interest in the property and that the action was premature because the Nationstar action was still pending. By order dated April 4, 2019, the Supreme Court granted Skillman's motion. Nationstar appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced" (Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (R.J.T. Food & Rest., LLC v ResCap Liquidating Trust, 186 AD3d 768, 769; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, in support of its motion, Skillman established that it was the current owner of the property, that no action to foreclose the mortgage was pending at the time the complaint was filed, and that the debt had been accelerated in 2009 by the filing of the complaint in the BAC action. Accordingly, Skillman established its prima facie entitlement to judgment as a matter of law by demonstrating that more than six years had passed since the acceleration of the loan, and that therefore, any subsequent action to foreclose the mortgage would be time-barred (see R.J.T. Food & Rest., LLC v ResCap Liquidating Trust, 186 AD3d at 769; 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 986; Milone v US Bank N.A., 164 AD3d 145, 152-153).
Nationstar failed to raise a triable issue of fact in opposition. Where a prior action to foreclose a mortgage remains unresolved, an action pursuant to RPAPL 1501(4) may be subject to dismissal (see Mizrahi v US Bank, N.A., 156 AD3d 617, 618). Contrary to Nationstar's contention, the pendency of the later-filed Nationstar action does not similarly forestall a determination here that any action to foreclose the mortgage brought after the instant action was commenced would be untimely (see generally Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 987). Nationstar's further contention that Skillman does not have an interest in the subject property is also without merit (see RPAPL 1501[4]).
Accordingly, we affirm the Supreme Court's determination granting Skillman's motion for summary judgment on the complaint and to strike Nationstar's answer.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court