Persaud v U.S. Bank N.A. (2021 NY Slip Op 04920)





Persaud v U.S. Bank N.A.


2021 NY Slip Op 04920


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-00233
2021-01268
 (Index No. 710060/17)

[*1]Beata Persaud, respondent, 
v
U.S. Bank National Association, etc., appellant, et al., defendants.


Stern & Eisenberg, P.C. (Knuckles Komosinski & Manfro LLP, Elmsford, NY [Gregg L. Verrilli and Louis A. Levithan], of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant U.S. Bank National Association appeals from (1) an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered November 7, 2018, and (2) an order and judgment (one paper) of the same court entered November 20, 2018. The order granted the plaintiff's motion for summary judgment on the complaint, to strike that defendant's answer and affirmative defenses, and to cancel and discharge of record a mortgage dated March 11, 2008. The order and judgment, upon the order, inter alia, granted the same relief and directed the County Clerk, Queens County, to cancel and discharge of record the mortgage dated March 11, 2008.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In February 2006, the plaintiff executed and delivered a note in the amount of $588,000 to Fairmont Funding, Ltd. The loan was secured by a mortgage encumbering certain property in Richmond Hill.
On or about March 11, 2008, the plaintiff borrowed an additional $10,467 from Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The loan was memorialized and secured by a second note and mortgage and consolidated with the first loan by a consolidation, extension, and modification agreement dated March 11, 2008, forming a single lien in the sum of $590,000 [*2](hereinafter the consolidated mortgage).
On December 1, 2009, Wells Fargo commenced an action to foreclose the consolidated mortgage (hereinafter the 2009 action). However, by order dated December 24, 2013, the Supreme Court directed dismissal of the complaint in the 2009 action pursuant to CPLR 3215(c). In the interim, by summons and complaint dated March 14, 2011, Wells Fargo commenced a second action to foreclose the consolidated mortgage (hereinafter the 2011 action). The plaintiff appeared in the second action, alleging that she was not properly served with the summons and complaint. By order dated August 19, 2015, after a hearing to determine the validity of service of process, the Supreme Court directed dismissal of the complaint in the 2011 action without prejudice.
On July 21, 2017, the plaintiff commenced the instant action against, among others, the defendant U.S. Bank National Association (hereinafter U.S. Bank), the assignee of the subject loan, to cancel and discharge of record the consolidated mortgage and for related declaratory and injunctive relief. After U.S. Bank interposed an answer, the plaintiff moved for summary judgment on the complaint, to strike U.S. Bank's answer and affirmative defenses, and to discharge of record the consolidated mortgage. U.S. Bank opposed the motion.
In an order entered November 7, 2018, the Supreme Court granted the plaintiff's motion. On November 20, 2018, the court entered an order and judgment, inter alia, granting the same relief and directing the County Clerk, Queens County, to cancel and discharge of record the consolidated mortgage dated March 11, 2008. U.S. Bank appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge of record that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge of record the mortgage was commenced" (Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003; see Nunez v U.S. Bank N.A., 194 AD3d 944; BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d 1375, 1376). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]), which begins to run on the entire debt once the debt is accelerated (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d at 1003). "Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (R.J.T. Food & Rest., LLC v ResCap Liquidating Trust, 186 AD3d 768, 769; see U.S. Bank N.A. v Lent, 193 AD3d 1098, 1100; 128 Skillman St. 4A, LLC v Nationstar Mtge., LLC, 193 AD3d 1025, 1026).
Here, in support of her motion, the plaintiff demonstrated, prima facie, that the commencement of a new action to foreclose the consolidated mortgage would be time-barred (see 128 Skillman St. 4A, LLC v Nationstar Mtge., LLC, 193 AD3d at 1027; Mills v Deutsche Bank Natl. Trust Co., 193 AD3d 921, 921-922). In opposition, U.S. Bank failed to raise a triable issue of fact as to whether it validly revoked the election to accelerate the debt (see Wells Fargo Bank, N.A. v Maddaloni, 186 AD3d 1587, 1589; see also CPLR 4518[a]).
U.S. Bank's remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court