Sy Wald, LLC v Wells Fargo Bank, N.A. (2022 NY Slip Op 00893)





Sy Wald, LLC v Wells Fargo Bank, N.A.


2022 NY Slip Op 00893


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-05886
 (Index No. 509621/17)

[*1]Sy Wald, LLC, appellant, 
v
Wells Fargo Bank, N.A., etc., respondent.


Berg & David PLLC, Brooklyn, NY (Abraham David and Gordon Speckhard of counsel), for appellant.
Blank Rome LLP, New York, NY (Alina Levi and Diana M. Eng of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated February 22, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is affirmed, with costs.
In May 2017, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage on the ground that the statute of limitations within which to commence an action to foreclose the subject mortgage had expired. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, and the plaintiff cross-moved for summary judgment on the complaint. In an order dated February 22, 2019, the Supreme Court granted the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.
The Supreme Court properly granted the defendant's motion to dismiss the complaint. The defendant's submissions demonstrated that its predecessor in interest had commenced an action to foreclose the subject mortgage by summons and complaint dated August 24, 2007 (hereinafter the 2007 foreclosure action). The complaint filed in the 2007 foreclosure action expressly elected "to call due the entire amount secured by the mortgage." Assuming, without deciding, that the defendant's predecessor in interest had standing to commence the 2007 foreclosure action, the filing of the complaint in the 2007 foreclosure action accelerated the entire mortgage debt so as to start the running of the six-year statute of limitations period for the commencement of a foreclosure action (see CPLR 213[4]; Persaud v U.S. Bank N.A., 197 AD3d 1120; Mills v Deutsche Bank Natl. Trust Co., 193 AD3d 921; Mejias v Wells Fargo N.A., 186 AD3d 472; Pennymac Corp. v McGlade, 176 AD3d 963; Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34). The defendant's submissions also demonstrated that the 2007 foreclosure action was thereafter voluntarily discontinued by the defendant, as the noteholder, less than six years after it was commenced. The defendant's voluntary discontinuance of the 2007 foreclosure action constituted an affirmative act of revocation of that [*2]acceleration as a matter of law "absent evidence of an express, contemporaneous" statement by the defendant to the contrary (see Freedom Mtge. Corp. v Engel, 37 NY3d 1; see Mills v Deutsche Bank Natl. Trust Co., 193 AD3d 921; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068). The documents discontinuing the 2007 foreclosure action contain no such express, contemporaneous statement. Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court