Boreshesky v U.S. Bank Trust, N.A. (2022 NY Slip Op 04892)

Boreshesky v U.S. Bank Trust, N.A.

2022 NY Slip Op 04892

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2017-09597
2018-01333
 (Index No. 620139/16)

[*1]Susan Boreshesky, respondent-appellant,
v
U.S. Bank Trust, N.A., etc., appellant-respondent.

Day Pitney LLP, New York, NY (Christina A. Livorsi and Christina A. Parlapiano of counsel), for appellant-respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated July 5, 2017, and (2) an order of the same court dated October 16, 2017, and the plaintiff cross-appeals from the order dated July 5, 2017. The order dated July 5, 2017, insofar as appealed from, in effect, denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. The order dated October 16, 2017, insofar as appealed from, upon reargument, in effect, adhered to the prior determination in the order dated July 5, 2017, in effect, denying that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.
ORDERED that the order dated July 5, 2017, is reversed insofar as appealed from, on the law, and that branch of the defendant's cross motion which was for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that the cross appeal from the order dated July 5, 2017, is dismissed as abandoned; and it is further,
ORDERED that the appeal from the order dated October 16, 2017, is dismissed as academic in light of our determination on the appeal from the order dated July 5, 2017; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In July 2010, nonparty Household Finance Realty Corporation of New York (hereinafter Household) commenced an action against the plaintiff and others to foreclose a mortgage that the plaintiff allegedly executed in favor of Household (hereinafter the foreclosure action). In the complaint, Household purported to elect to accelerate the entire balance of the mortgage debt. In February 2016, less than six years after commencing the foreclosure action, Household moved to voluntarily discontinue the foreclosure action, and the Supreme Court ultimately granted that motion in an order dated August 1, 2016.
On December 13, 2016, the plaintiff commenced this action pursuant to RPAPL 1501(4) against the defendant to cancel and discharge of record the mortgage, which, by that time, had been assigned from Household to the defendant. The plaintiff alleged, among other things, that the statute of limitations to foreclose the mortgage expired because more than six years had passed since Household accelerated the loan by commencing the foreclosure action. Thereafter, the plaintiff moved for summary judgment on the complaint, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint. The defendant contended, inter alia, that Household lacked standing to commence the foreclosure action, which rendered its acceleration of the mortgage a nullity. The defendant further contended that even if Household had standing to commence the foreclosure action and accelerate the mortgage debt, Household's motion to voluntarily discontinue the foreclosure action within the limitations period revoked its acceleration of the mortgage debt. In an order dated July 5, 2017, the Supreme Court, inter alia, denied the plaintiff's motion for summary judgment on the complaint and, in effect, denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. The defendant appeals from so much of the order dated July 5, 2017, as, in effect, denied that branch of its cross motion which was for summary judgment dismissing the complaint.
In August 2017, the defendant moved, inter alia, for leave to reargue that branch of its cross motion which was for summary judgment dismissing the complaint. By order dated October 16, 2017, the Supreme Court, upon reargument, inter alia, in effect, adhered to its prior determination, in effect, denying that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. The defendant appeals from so much of the order dated October 16, 2017, as, upon reargument, in effect, adhered to the prior determination, in effect, denying that branch of its cross motion which was for summary judgment dismissing the complaint.
The Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint. Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see id.; Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Bank of N.Y. Mellon Corp. v Alvarado, 189 AD3d 1149, 1150, quoting Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [internal quotation marks omitted]). "It is well-settled that the filing of a verified foreclosure complaint may evince an election to accelerate" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 25). Lenders may revoke the acceleration of full mortgage loan balances, so long as the revocation is accomplished by an affirmative act occurring within six years of the earlier acceleration (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935; MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885, 887). "[W]here the maturity of the debt has been validly accelerated by commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, 37 NY3d at 19). However, the acceleration of a mortgage debt "is only valid if the party making the acceleration had standing at that time to do so" (Milone v US Bank N.A., 164 AD3d 145, 153; see Mejias v Wells Fargo N.A., 186 AD3d 472, 474).
Here, assuming without deciding that Household had standing to commence the foreclosure action, the filing of the complaint in the foreclosure action accelerated the entire mortgage debt so as to start the running of the six-year statute of limitations period for the commencement of a foreclosure action (see CPLR 213[4]; Sy Wald, LLC v Wells Fargo Bank, N.A., 202 AD3d 857, 857). Nevertheless, the defendant established, prima facie, that Household's motion to voluntarily discontinue the foreclosure action, which was made less than six years after the foreclosure action was commenced, constituted an affirmative act of revocation of the acceleration of the mortgage debt as a matter of law absent evidence of an express, contemporaneous statement by Household to the contrary (see Freedom Mtge. Corp. v Engel, 37 NY3d at 32; Sy Wald, LLC v Wells Fargo Bank, N.A., 202 AD3d at 857-858; Pennymac Corp. v Holcomb, 198 AD3d 978, [*2]980-981). In opposition, the plaintiff failed to raise a triable issue of fact. There is no evidence that Household made such an express, contemporaneous statement.
Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.
We need not reach the defendant's remaining contentions in light of our determination.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court