Bush N Stuy Corp. v Bayview Loan Servicing, LLC (2023 NY Slip Op 02102)

Bush N Stuy Corp. v Bayview Loan Servicing, LLC

2023 NY Slip Op 02102

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-07141
 (Index No. 517342/16)

[*1]Bush N Stuy Corp., respondent, 
v
Bayview Loan Servicing, LLC, appellant.

Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for appellant.
Tsyngauz & Associates, P.C., New York, NY (Matthew C. Schwartz of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated March 16, 2020. The order and judgment granted the plaintiff's motion for summary judgment on the complaint, denied the defendant's cross-motion for summary judgment dismissing the complaint, canceled and discharged of record the subject mortgage, and declared that the plaintiff's estate in the subject property is free from the subject mortgage.
ORDERED that the order and judgment is affirmed, with costs.
In August 2006, Angela Charles executed a mortgage on certain property located in Brooklyn. In December 2009, JPMorgan Chase Bank, National Association (hereinafter JPMorgan), commenced an action against Charles, among others, to foreclose the mortgage (hereinafter the 2009 action). Thereafter, Charles entered into a home affordable modification trial period plan agreement. The 2009 action was subsequently abandoned.
In February 2012, JPMorgan commenced a second action to foreclose the mortgage. Thereafter, Charles conveyed her interest in the property to Bush N Stuy Corp. (hereinafter Bush N Stuy). JPMorgan subsequently moved, inter alia, for leave to enter a default judgment and for an order of reference, and Bush N Stuy, as intervenor, cross-moved pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The Supreme Court granted Bush N Stuy's cross-motion. In March 2014, JPMorgan assigned the mortgage to Bayview Loan Servicing, LLC (hereinafter Bayview).
In September 2016, Bush N Stuy commenced this action against Bayview pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. Bush N Stuy subsequently moved for summary judgment on the complaint, and Bayview cross-moved for summary judgment dismissing the complaint. In an order and judgment dated March 16, 2020, the Supreme Court [*2]granted Bush N Stuy's motion, denied Bayview's cross-motion, canceled and discharged of record the mortgage, and declared that Bush N Stuy's estate in the property is free from the mortgage. Bayview appeals.
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Bank of N.Y. Mellon Corp. v Alvarado, 189 AD3d 1149, 1150, quoting Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [internal quotation marks omitted]). "It is well-settled that the filing of a verified foreclosure complaint may evince an election to accelerate" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 25). Lenders may revoke the acceleration of full mortgage loan balances, so long as the revocation is accomplished by an affirmative act occurring within six years of the earlier acceleration (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935; MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885, 887).
Here, in support of its motion for summary judgment on the complaint, Bush N Stuy established that the filing of the complaint in the 2009 action in December 2009 accelerated the mortgage debt so as to start the running of the six-year statute of limitations period, and that the commencement of a new action to foreclose the mortgage would be time-barred (see Persaud v U.S. Bank N.A., 197 AD3d 1120, 1122; 128 Skillman St. 4A, LLC v Nationstar Mtge., LLC, 193 AD3d 1025, 1027). In opposition, Bayview failed to raise a triable issue of fact as to whether the acceleration of the debt was revoked (see Persaud v U.S. Bank N.A., 197 AD3d at 1122; cf. HSBC Bank USA, N.A. v Michael, 191 AD3d 850). For the same reasons, Bayview failed to meet its prima facie burden on its cross-motion for summary judgment dismissing the complaint.
Bayview's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and denied the defendant's cross-motion for summary judgment dismissing the complaint.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court