Abadin v HSBC Bank USA, N.A. (2023 NY Slip Op 04095)

Abadin v HSBC Bank USA, N.A.

2023 NY Slip Op 04095

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-08202
 (Index No. 521715/19)

[*1]Mohammad J. Abadin, respondent, 
v
HSBC Bank USA, National Association, etc., appellant, et al., defendant.

Locke Lord LLP, New York, NY (Harry K. Tiwari and Shawn A. Brenhouse of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record two mortgages, the defendant HSBC Bank USA, National Association, appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 9, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant HSBC Bank USA, National Association.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2006, Mohammad J. Abadin executed a note in favor of Fremont Investment & Loan (hereinafter Fremont). The loan was secured by a mortgage given to Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Fremont, encumbering certain property in Brooklyn. After Abadin allegedly defaulted on the loan, in November 2006, Fremont commenced an action to foreclose the mortgage (hereinafter the 2006 action). In June 2009, Fremont voluntarily discontinued the 2006 action.
In December 2006, MERS assigned the mortgage to Fremont, and in April 2009, Fremont assigned the mortgage to HSBC Bank USA, National Association (hereinafter HSBC). Thereafter, in May 2009, HSBC commenced a second action to foreclose the mortgage (hereinafter the 2009 action). When none of the defendants appeared or answered the complaint, HSBC moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order dated September 21, 2012, the Supreme Court denied the motion, finding, among other things, that HSBC failed to accomplish service of the summons and complaint within 120 days after filing. At a subsequent status conference, the court issued a conditional order of dismissal dated February 24, 2015, directing dismissal of the action unless HSBC filed a note of issue or otherwise proceeded by motion for the entry of a judgment within 90 days. No additional action was taken pursuant to the conditional order of dismissal.
In October 2019, Abadin commenced this action against HSBC and another [*2]defendant, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. Abadin subsequently moved, among other things, for summary judgment on the complaint insofar as asserted against HSBC. In an order dated September 9, 2020, the Supreme Court, inter alia, granted that branch of Abadin's motion, and HSBC appeals.
Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Bank of N.Y. Mellon Corp. v Alvarado, 189 AD3d 1149, 1150, quoting Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [internal quotation marks omitted]). "It is well-settled that the filing of a verified foreclosure complaint may evince an election to accelerate" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 25). Lenders may revoke the acceleration of full mortgage loan balances, so long as the revocation is accomplished by an affirmative act occurring within six years of the earlier acceleration (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935; MSMJ Realty, LLC v DLJ Mtge. Capital, Inc., 157 AD3d 885, 887).
Here, in support of his motion, Abadin established that the filing of the complaint in the 2006 action accelerated the mortgage debt so as to start the running of the six-year statute of limitations period, that the 2009 action was dismissed for failure to prosecute, and that the limitations period expired in 2012. Thus, Abadin established, prima facie, that the commencement of a new action to foreclose the mortgage would be time-barred (see Persaud v U.S. Bank N.A., 197 AD3d 1120, 1122; 128 Skillman St. 4A, LLC v Nationstar Mtge., LLC, 193 AD3d 1025, 1027). In opposition, HSBC failed to raise a triable issue of fact as to whether it validly revoked the acceleration of the debt (see Persaud v U.S. Bank N.A., 197 AD3d at 1122).
HSBC's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court properly granted that branch of Abadin's motion which was for summary judgment on the complaint insofar as asserted against HSBC.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court