Pryce v U.S. Bank, N.A. (2024 NY Slip Op 01828)

Pryce v U.S. Bank, N.A.

2024 NY Slip Op 01828

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-01889
2022-02800
 (Index No. 601228/21)

[*1]Janet Pryce, respondent, 
v
U.S. Bank, National Association, etc., appellant.

Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri of counsel), for appellant.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated February 22, 2022, and (2) a judgment of the same court entered March 23, 2022. The order granted the plaintiff's motion for summary judgment on the complaint and denied the defendant's cross-motion for summary judgment dismissing the complaint. The judgment, upon the order, inter alia, is in favor of the plaintiff and against the defendant canceling and discharging of record the subject mortgage.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In March 2006, the plaintiff executed a mortgage on certain property located in Elmont. In May 2010, the defendant's predecessor in interest commenced an action against the plaintiff to foreclose the mortgage. In July 2012, that action was dismissed as abandoned pursuant to CPLR 3215(c). The mortgage was thereafter assigned to the defendant.
In January 2021, the plaintiff commenced the instant action against the defendant pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff subsequently moved for summary judgment on the complaint and the defendant cross-moved for summary judgment dismissing the complaint. In an order dated February 22, 2022, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion. In a judgment entered March 23, 2022, the court, upon the order, inter alia, canceled and discharged of record the mortgage. The defendant appeals.
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property [*2]subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 917; see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d at 918 [internal quotation marks omitted]). Here, in support of her motion for summary judgment on the complaint, the plaintiff established that the filing of the verified complaint by the defendant's predecessor in interest in May 2010 accelerated the mortgage debt so as to start the running of the six-year statute of limitations period. The plaintiff demonstrated that the foreclosure action was dismissed in July 2012, and, thus, that the commencement of a new foreclosure action would be time-barred (see U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1072; Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d at 918).
In opposition, the defendant failed to raise a triable issue of fact as to whether the statute of limitations was tolled, otherwise inapplicable, or whether it had actually commenced a new foreclosure action within the applicable limitations period. The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821; hereinafter FAPA) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions, like here, upon instruments described in CPLR 213(4) (see id. § 205[c]; U.S. Bank N.A. v Onuoha, 216 AD3d at 1072). Under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3215], the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period."
Here, the defendant acknowledges that the foreclosure action was dismissed as abandoned pursuant to CPLR 3215(c). Therefore, under FAPA, and contrary to the defendant's contention, the defendant is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a (see U.S. Bank N.A. v Onuoha, 216 AD3d at 1069).
Thus, the plaintiff's motion for summary judgment on the complaint was properly granted and, for the same reason, the defendant's cross-motion for summary judgment dismissing the complaint was properly denied.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court