Tomala v Caliber Home Loans, Inc. (2025 NY Slip Op 06094)

Tomala v Caliber Home Loans, Inc.

2025 NY Slip Op 06094

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-10252
 (Index No. 33268/22)

[*1]Anthony Tomala, respondent, 
v
Caliber Home Loans, Inc., appellant.

Akerman LLP, New York, NY (Jordan M. Smith, Jason D. St. John, and Aliza Malouf of counsel), for appellant.
Legal Aid Society of Rockland County, Inc., New City, NY (Derek S. Tarson of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Rockland County (Amy S. Puerto, J.), dated October 11, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint, granted the plaintiff's cross-motion for summary judgment on the complaint, and directed the cancellation and discharge of record the mortgage.
ORDERED that the order is affirmed, with costs.
In July 2022, the plaintiff commenced this action against the defendant to cancel and discharge of record a mortgage held by the defendant (hereinafter the mortgage) encumbering certain real property owned by the plaintiff in Rockland County. The defendant interposed an answer and moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint. The defendant opposed the cross-motion. By order dated October 11, 2023, the Supreme Court denied the defendant's motion, granted the plaintiff's cross-motion, and directed the cancellation and discharge of record the mortgage. The defendant appeals. We affirm.
"Pursuant to RPAPL 1501(4), a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance, and to adjudge the estate or interest free of it, if the applicable statute of limitations for commencing a foreclosure action has expired" (Pryce v U.S. Bank, N.A., 226 AD3d 711, 712 [internal quotation marks omitted]; see Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 917).
"An action to foreclose a mortgage is [governed by] a six-year statute of limitations" (Pryce v U.S. Bank, N.A., 226 AD3d at 712). "Even if [a] mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (id. [alteration and internal quotation marks omitted]). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage" (Wells Fargo Bank, N.A. v [*2]Weinberg, 229 AD3d 840, 841 [alterations and internal quotation marks omitted]).
Here, in support of his cross-motion, the plaintiff demonstrated, prima facie, that the mortgage debt was accelerated and the six-year statute of limitations began to run in July 2015 when the defendant commenced an action to foreclose the mortgage and elected to call due the entire amount secured by the mortgage (hereinafter the July 2015 action) (see Pryce v U.S. Bank, N.A., 226 AD3d at 713). The plaintiff also established, prima facie, that the statute of limitations expired in July 2021 and that a new action to foreclose the mortgage would be time-barred (see CPLR 213[4]).
In opposition, the defendant failed to raise a triable issue of fact (see Pryce v U.S. Bank, N.A., 226 AD3d at 713). The defendant's contention that its failure to comply with 24 CFR 203.604 in the July 2015 action invalidated its election to accelerate the mortgage debt is without merit. As relevant to this appeal, the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 7 [eff Dec. 30, 2022]), amended CPLR 213(4) to provide that "a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (id. § 213[4][b]). Although the July 2015 action may have been dismissed upon a determination of the Supreme Court that the defendant failed to comply with 24 CFR 203.604, such compliance was merely a condition precedent to maintaining that July 2015 action and was not a precondition for acceleration of the mortgage debt (see Brennan v Deutsche Bank Trust Co. Ams., 237 AD3d 1027, 1029-1030).
Likewise, contrary to the defendant's contention, its unilateral letter sent to the plaintiff in December 2019 purporting to revoke the acceleration of the mortgage debt and withdrawing its demand for immediate payment of all sums owed did not serve to de-accelerate the mortgage debt, nor did it revive or reset the statute of limitations (see CPLR 213[4]; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
The defendant's contentions challenging FAPA's constitutionality under the United States and New York Constitutions are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, granted the plaintiff's cross-motion for summary judgment on the complaint, and directed the cancellation and discharge of record the mortgage.
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court