U.S. Bank N.A. v Onuoha (2023 NY Slip Op 02715)

U.S. Bank N.A. v Onuoha

2023 NY Slip Op 02715

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-13088
 (Index No. 718979/18)

[*1]U.S. Bank National Association, etc., respondent,
v
Rose I. Onuoha, appellant, et al., defendants. O. Benjamin Okeke, Brooklyn, NY, for appellant.

Gross Polowy LLC (Reed Smith LLP, New York, NY [Andrew B. Messite, Joseph B. Teig, and James Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rose I. Onuoha appeals from an order of the Supreme Court, Queens County (Laurence L. Love, J.), entered October 17, 2019. The order, insofar as appealed from, denied the motion of the defendant Rose I. Onuoha for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, to vacate a notice of pendency filed against the subject property, and for an award of attorneys' fees pursuant to Real Property Law § 282, and granted that branch of the plaintiff's cross-motion which was to deem service of process effectuated on December 20, 2018, on the defendant Rose I. Onuoha to be valid.
ORDERED that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motion of the defendant Rose I. Onuoha which were for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage, and to vacate a notice of pendency filed against the subject property, and substituting therefor provisions granting those branches of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross-motion which was to deem service of process effectuated on December 20, 2018, on the defendant Rose I. Onuoha to be valid, and substituting therefor a provision denying that branch of the cross-motion as academic; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Rose I. Onuoha.
On June 15, 2006, the defendant Rose I. Onuoha (hereinafter the defendant) executed a note in the sum of $400,000 in favor of Professional Mortgage Bankers Corp. (hereinafter Professional Mortgage Bankers). The note was secured by a mortgage on certain residential property located in Rosedale. By an assignment of mortgage dated July 23, 2008, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Professional Mortgage Bankers, assigned the mortgage to US Bank National Association, as Trustee for CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-2 (hereinafter the 2008 plaintiff). On July 25, 2008, the 2008 plaintiff commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2008 action).
By a corrective assignment of mortgage dated June 25, 2012, MERS, as nominee for [*2]Professional Mortgage Bankers, assigned the mortgage to US Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Trust 2006-2.
In the 2008 action, in a decision and order dated June 27, 2018, this Court reversed so much of an order of the Supreme Court dated March 13, 2015, as granted those branches of the motion of the 2008 plaintiff which were for an order of reference and to hold the defendant in default upon her failure to timely appear or answer the complaint, and dismissed the complaint insofar as asserted against the defendant as abandoned pursuant to CPLR 3215(c) (see US Bank, N.A. v Onuoha, 162 AD3d 1094).
On December 12, 2018, the plaintiff, U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSAB Mortgage-Backed Pass-Through Certificates, Series 2006-2, commenced this action against the defendant, among others, to foreclose the mortgage. According to an affidavit of service, the defendant was served personally on December 20, 2018, at an address in North Carolina (hereinafter the North Carolina address). The defendant was also allegedly served on January 15, 2019, pursuant to CPLR 308(4), at an address in Valley Stream and, pursuant to CPLR 308(2), at the defendant's place of business.
The defendant interposed an answer dated January 22, 2019, in which she asserted various affirmative defenses and counterclaims. As a fourteenth affirmative defense, the defendant alleged that the action was barred by the applicable statute of limitations. As a third counterclaim, the defendant sought to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4) on the ground that an action was time-barred. The defendant also sought an award of attorneys' fees.
In March 2019, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, to vacate the notice of pendency filed against the subject property, and for an award of attorneys' fees pursuant to Real Property Law § 282. The defendant argued, inter alia, that the action was barred by the statute of limitations and that the plaintiff was not entitled to the benefit of CPLR 205(a) because she was not served with process within six months of the dismissal of the 2008 action on June 27, 2018.
The plaintiff opposed the motion and cross-moved, inter alia, to deem the service of process effectuated on the defendant at the North Carolina address on December 20, 2018, to be valid.
In an order entered October 17, 2019, the Supreme Court, inter alia, denied the defendant's motion and granted that branch of the plaintiff's cross-motion which was to deem the service effectuated on the defendant at the North Carolina address on December 20, 2018, to be valid. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see id. § 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Lubonty v U.S. Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, the defendant demonstrated that the 2008 action was commenced, and the debt accelerated, on July 25, 2008, that the statute of limitations expired six years later on July 25, 2014 (see CPLR 213[4]; U.S. Bank N.A. v Bhimsen, 206 AD3d 846, 849), and that the plaintiff did not commence this action until December 12, 2018. Thus, the defendant established, prima facie, that this action was time-barred (see Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 773).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period. The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]). Under CPLR 205-[*3]a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in . . . [CPLR 3215] . . . , the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period." Here, the complaint in the 2008 action was dismissed insofar as asserted against the defendant as abandoned pursuant to CPLR 3215(c) (see US Bank, N.A. v Onuoha, 162 AD3d 1094). Therefore, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a.
Accordingly, the Supreme Court should have granted those branches of the defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and to vacate the notice of pendency filed against the subject property, and denied, as academic, that branch of the plaintiff's cross-motion which was to deem service of process effectuated on December 20, 2018, on the defendant to be valid.
Although, in light of our determination, the defendant is the prevailing party for purposes of Real Property Law § 282 (see 21st Mtge. Corp. v Nweke, 165 AD3d 616, 619), her contention that she is entitled to an award of attorneys' fees pursuant to that statute is without merit. Real Property Law § 282(1) expressly provides that attorneys' fees are recoverable by a mortgagor only "in an action commenced against the mortgagee or by way of counterclaim in any action or proceeding commenced by the mortgagee against the mortgagor." Here, the defendant did not assert a counterclaim for an award of attorneys' fees pursuant to Real Property Law § 282 in her answer or move to amend her answer to assert such a counterclaim (cf. Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1056; Deutsche Bank Natl. Trust Co. v Gordon, 179 AD3d 770, 773-774). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for an award of attorneys' fees pursuant to Real Property Law § 282.
In light of our determination, we do not reach the parties' remaining contentions.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court