Wells Fargo Bank, N.A. v Cafasso (2024 NY Slip Op 00095)

Wells Fargo Bank, N.A. v Cafasso

2024 NY Slip Op 00095

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-03396
2020-03397
 (Index No. 610653/18)

[*1]Wells Fargo Bank, National Association, etc., respondent
v
Pietro A. Cafasso, et al., defendants, NMNT Realty Corp., appellant.

Miller, Rosado & Algios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant NMNT Realty Corp. appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated February 10, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant NMNT Realty Corp., to strike its answer, and for an order of reference, and denied that branch of that defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred. The second order, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to the defendant NMNT Realty Corp., struck the answer of that defendant, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.
In January 2011, the plaintiff commenced an action to foreclose a mortgage against the defendant Pietro A. Cafasso, among others (hereinafter the 2011 action). Cafasso defaulted in appearing or answering the complaint, and thereafter failed to appear at a settlement conference in August of 2011. In October 2015, the plaintiff moved for leave to enter a default judgment against, among others, Cafasso, and to appoint a referee to compute the amount due to the plaintiff. Cafasso opposed the motion, arguing that inasmuch as more than four years had elapsed since his default, the complaint should be dismissed as abandoned pursuant to CPLR 3215(c). The Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. By order dated February 28, 2018, this Court reversed and denied those branches of the plaintiff's motion which were for leave to enter a default judgment against Cafasso and to appoint a referee to compute the amount due to the plaintiff, and directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c) (see Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848).
On August 9, 2018, the plaintiff commenced the instant foreclosure action against, among others, Cafasso and the new owner of the property, the defendant NMNT Realty Corp. (hereinafter the defendant). In its answer, the defendant asserted an affirmative defense alleging that the action was barred by the applicable statute of limitations. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer, and for an order of reference. The defendant cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it as time-barred. In two orders dated February 10, 2020, the Supreme Court, among other things, granted the plaintiff's motion and denied that branch of the defendant's cross-motion. The defendant appeals.
The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821; hereinafter FAPA) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]; U.S. Bank N.A. v Onuoha, 216 AD3d 1069). "Under CPLR 205-a(a), '[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in . . . [CPLR 3215] . . . , the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period'" (U.S. Bank N.A. v Onuoha, 216 AD3d at 1072).
Here, this Court's February 28, 2018 decision and order directed dismissal of the 2011 action as abandoned pursuant to CPLR 3215(c) (see Wells Fargo Bank, N.A. v Cafasso, 158 AD3d 848). Therefore, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a (see U.S. Bank N.A. v Onuoha, 216 AD3d at 1069).
However, the plaintiff challenges the constitutionality of FAPA, contending, inter alia, that FAPA violates the Due Process Clause, the Contract Clause, and the Takings Clause of the United States Constitution. Inasmuch as the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining the subject branches of the motion and cross-motion, we remit the matter to the Supreme Court, Nassau County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new determination thereafter of those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer, and for an order of reference, and that branch of the defendant's cross-motion which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred (see U.S. Bank N.A. v Santos, 218 AD3d 827, 829; Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742; U.S. Bank N.A. v Simon, 216 AD3d 1041).
In view of our determination, we need not reach the defendant's remaining contentions.
DUFFY, J.P., MALTESE, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court