| |
|---|
| **HSBC Bank USA, N.A. v Jessup** |
| 2024 NY Slip Op 32292(U) |
| July 8, 2024 |
| Supreme Court, Nassau County |
| Docket Number: Index No. 609862/2021 |
| Judge: Leonard D. Steinman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---------------------------------------------------------------------X

HSBC BANK USA, N.A., AS INDENTURE TRUSTEE
FOR THE REGISTERED NOTEHOLDERS OF
RENAISSANCE HOME EQUITY LOAN TRUST
2006-3,

IAS Part 6
Index No. 609862/2021
Mot. Seq. Nos. 001-002

Plaintiff,

-against-

DECISION AND
ORDER

QUENTIN M. JESSUP, CAPITAL ONE BANK
(USA), N.A., "JOHN DOE #1" through "JOHN DOE
#12," the last twelve names being fictitious and unknown
to plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in or lien upon the
Subject Property described in the Complaint.

Defendants.

---------------------------------------------------------------------X

LEONARD D. STEINMAN, J.

The following papers, in addition to any memoranda of law and/or statement of
material facts, were reviewed in preparing this Decision and Order:

Plaintiff's Notice of Motion, Affirmation & Exhibit............................................... 1
Defendant's Affirmation in Opposition & Cross-Motion........................................2
Plaintiff's Affirmation in Opposition & Exhibits......................................................3
Defendant's Reply.....................................................................................................4
Defendant's Supplemental Reply.............................................................................5

Plaintiff HSBC Bank USA, N.A., as Indenture Trustee for the Registered Noteholders
of Renaissance Home Equity Loan 2006-3's moves for an Order: (1) awarding plaintiff
summary judgment on its claims against defendant Quentin M. Jessup pursuant to CPLR
3212, dismissing defendant's counterclaims, and deeming defendant's answer to be an
appearance and waiver in foreclosure; (2) awarding plaintiff a default judgment against all
non-answering defendants pursuant to CPLR § 3215; and (3) appointing a Referee to

[* 1]

compute the amounts due and owing to plaintiff pursuant to RPAPL §1321. Defendant cross-moves for an Order: (1) granting defendant summary judgment dismissing plaintiff's complaint as time-barred pursuant to CPLR 3212; (2) directing the Nassau County Clerk to cancel the notice of pendency upon plaintiff's payment of all costs and expenses occasioned by the filing and cancellation; (3) directing the Nassau County Clerk to cancel and discharge the subject mortgage and note; and (4) awarding defendant attorney's fees and costs.

## BACKGROUND & PROCEDURAL HISTORY

On or about March 20, 1998, defendant became the owner of certain premises located at 39 Byrd Street located in Hempstead, New York. On or about June 26, 2006, defendant executed and delivered a Note in favor of non-party Delta Funding Corporation ("Delta") in the amount of $131,017 (the "Note"). The Note was secured by a mortgage granted to non-party Mortgage Electronic Registration System ("MERS") as the nominee for Delta. In August 2008, the Note and Mortgage were transferred to plaintiff.

On January 14, 2009, the Note and Mortgage were modified pursuant to an agreement between the parties. Despite the modification, on August 1, 2009, defendant defaulted on the mortgage by failing to remit the payment that was due and owing. As a result, plaintiff commenced a foreclosure action on December 1, 2009 (*HSBC Bank USA, NA v. Jessup*, Nassau County Index No. 024478/2009)(the "2009 action"), which resulted in an immediate acceleration of the entire loan balance, causing it to become due at once. *See Wells Fargo Bank, N.A. v. Lefkowitz*, 171 A.D.3d 843 (2d Dept. 2019). Plaintiff moved for a default judgment that was denied without prejudice because plaintiff did not demonstrate its compliance with RPAPL §1304. In denying plaintiff's default motion, the court noted that if plaintiff failed to renew its motion and establish compliance with RPAPL § 1304, the court might "dismiss the action for want of prosecution." *See* Decision and Order dated October 11, 2011 (Adams, J.). Plaintiff failed to take further action and, on July 31, 2012, the 2009 action was dismissed.

Plaintiff then commenced a second foreclosure action on September 14, 2012 (*HSBC Bank USA v. Jessup*, Nassau County Index No. 011718/2012; the "2012 Action"). That action, however, was also eventually dismissed by the Appellate Division, Second

2

[* 2]

Department, pursuant to CPLR §3215(c), based on plaintiff's failure to timely seek a default judgment.

Plaintiff then commenced this third action on August 3, 2021 to foreclose on the mortgage. Following the release of this action from the Foreclosure Settlement Conference Part, plaintiff filed the instant motion for summary judgment. Defendant, after having asserted the statute of limitations as an affirmative defense in his answer, cross-moves to dismiss the complaint under the recently passed Foreclosure Abuse Prevention Act ("FAPA"). For the reasons set forth below, defendant's cross-motion is granted and the action is dismissed.

## LEGAL ANALYSIS

Because the cross-motion to dismiss the complaint is dispositive of this entire action, the court addresses it first.

Defendant initially argues that plaintiff's claim is untimely and that plaintiff may not take advantage of CPLR §205(a) because plaintiff's 2012 Action was dismissed for "neglect to prosecute." Although defendant cites to *U.S. Bank N.A. v. Onuoha*, 216 A.D.3d 1069 (2d Dept. 2023) and *Deutsche Bank Natl. Trust Co. v. Booker*, 221 A.D.3d 579 (3d Dept. 2024) in support of this proposition, both cases are distinguishable. In *Onuoha*, the court simply applied FAPA without discussing the constitutionality of such application to dismiss the complaint as untimely. In *Booker*, the Appellate Division found that plaintiff had not served its pleading in its subsequent action within six-months of dismissal of the prior action as required under CPLR §205(a). A dismissal pursuant to CPLR §3215(c) does not automatically foreclose the utilization of the savings clause of CPLR §205(a). *See Wells Fargo Bank N.A. v. Eitani*, 148 A.D.3d 193 (2d Dept. 2017). Whether plaintiff can take advantage of CPLR §205(a) depends on whether FAPA may constitutionally apply to bar plaintiff's claim.

Defendant next argues that the dismissal of the 2012 Action places the instant proceeding squarely within the ambit of the abuses FAPA was trying to curb and that CPLR §205-a applies to bar plaintiff's action. Plaintiff, in opposition, argues that its reliance on the savings provision of CPLR § 205(a) at the time of its filing of this action was proper, that

3

this court may not retroactively apply the Legislature's enactment of CPLR §205-a through FAPA here, and that such application would be unconstitutional.

Plaintiff's arguments are unavailing. It is clear by its terms that the Legislature intended FAPA to apply retroactively. FAPA applies to all pending foreclosure actions in the state where the judgment has not been enforced (*i.e.*, where the sale has not been scheduled). *See Collins v. Bank of New York Mellon*, 227 A.D.3d 948 (2d Dept. 2024*)*(applying FAPA in connection with 2012 dismissal pursuant to CPLR §3215(c)); *HSBC Bank USA, N.A. v. Corrales*, 224 A.D.3d 816 (2d Dept 2024)(retroactively applying FAPA, the court held that plaintiff's voluntary discontinuance of a prior foreclosure action could not act to revoke the acceleration of the mortgage debt and reset the statute of limitations); *Genovese v. Nationstar Mortgage LLC*, 223 A.D.3d 37 (1st Dept. 2023)(FAPA applies retroactively).

Plaintiff further argues that FAPA violates due process because "[w]hen a limitations period is statutorily shortened … due process requires that potential litigants be afforded a 'reasonable time for the commencement of an action before the bar takes effect.'" Plaintiff's 10/10/23 Memo, p. 10. This issue has not been determined by the Appellate Division. *See Maneri v. Residential Funding Co., LLC*, 227 A.D.3d 796 (2d Dept. 2024).

This court finds that the retroactive application of FAPA is constitutional for the reasons set forth in *Deutsche Bank Nat. Trust Co. v. Contact Holdings Corp.*, WL 5204088 (Supreme Court, Kings Co. 2023) and *Fannie Mae v Kerendian*, WL 9006854 (Sup. Ct., Nassau Co. 2023).[1] FAPA does not shorten the six-year limitation period that governs foreclosure actions. It is undisputed that this action was commenced more than six years following defendant's default and acceleration of the Note. The issue is whether it is unconstitutional to apply in this pending action the Legislature's clarification that at least in the foreclosure context a plaintiff's failure to timely proceed to judgment resulting in a CPLR 3215(c) dismissal is, in effect, a "neglect to prosecute," precluding reliance on the six months

---

[1] Although defendant argues that plaintiff's constitutional argument should not be considered by the court because plaintiff did not provide notice to New York State's Attorney General of its constitutional challenge, that argument is moot in light of the court's determination herein. In all events, such notice was eventually provided to the Attorney General, who declined to weigh-in.

4

INDEX NO. 609862/2021

RECEIVED NYSCEF: 07/08/2024

savings provision of CPLR §205(a). There is no evidence that plaintiff relied on the savings provision when it abandoned and failed to prosecute to judgment the 2012 Action.

Considering the foregoing, plaintiff's action is time-barred. Therefore, defendant's cross-motion is granted. Plaintiff's motion is denied as moot.

Defendant is entitled to an award of counsel fees and expenses as the prevailing party pursuant to Real Property Law § 282, which provides:

> "Whenever a covenant contained in a mortgage on residential real property shall provide that ... the mortgagee may recover attorneys' fees and/or expenses incurred as the result of the failure of the mortgagor to perform any covenant or agreement contained in such mortgage ... there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor ... in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract, and an agreement that such fees and expenses may be recovered as provided by law in an action commenced against the mortgagee."

*See Weininger v. Deutsche Bank National Trust Company As Trustee For Indymac Imja Mortgage Loan Trust 2007-A2, Mortgage Pass Through Certificates Series 2007-A2*, 83 Misc.3d 1202(A) (Westchester Co. 2024). Defendant is to file its fee application within 21 days.

Any relief requested not specifically addressed herein is denied.

This constitutes the Decision and Order of this court.

Dated: July 8, 2024
      Mineola, New York

ENTER:

_____
LEONARD D. STEINMAN, J.S.C.
XXX

5

[* 5]