U.S. Bank Trust, N.A. v Giangrande (2024 NY Slip Op 04095)

U.S. Bank Trust, N.A. v Giangrande

2024 NY Slip Op 04095

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-04769
 (Index No. 618975/17)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Mario Giangrande, etc., et al., appellants, et al., defendant.

Somer & Heller, LLP, Commack, NY (Barbara Hutter and Jeffrey T. Heller of counsel), for appellants.
Stern & Eisenberg, P.C., Lagrangeville, NY (Arsenio Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mario Giangrande and Veronica Giangrande appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 11, 2022. The order denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendants Mario Giangrande and Veronica Giangrande which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred is granted.
In April 2010, nonparty Chase Home Financial, LLC (hereinafter Chase), commenced an action against the defendants Mario Giangrande and Veronica Giangrande (hereinafter together the defendants), among others, to foreclose a mortgage (hereinafter the 2010 foreclosure action). In an order dated May 25, 2017, the Supreme Court, inter alia, directed dismissal of the complaint in the 2010 foreclosure action as abandoned pursuant to CPLR 3215(c).
In September 2017, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. In an order dated March 11, 2022, the Supreme Court denied that branch of the motion. The defendants appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see id. § 213[4]). "'[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Pryce v U.S. Bank, N.A., 226 AD3d 711, 712, quoting Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 918). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
Here, in support of their motion, the defendants demonstrated, prima facie, that the [*2]attendant six-year statute of limitations (see CPLR 213[4]) began to run on the entire mortgage debt on April 8, 2010, when the plaintiff's predecessor in interest, Chase, commenced the 2010 foreclosure action against them and elected in that complaint to call due the entire amount secured by the mortgage (see Ronen, LLC v Bais Hamedrash Ateres Chaim Hanipoly, 221 AD3d 741, 744). The defendants further established that this action was commenced in September 2017, more than six years later and is, therefore, time-barred (see U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1072).
In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff had actually commenced this action within the applicable limitations period.
The recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821; hereinafter FAPA) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions, like here, upon instruments described in CPLR 213(4) (see id. § 205[c]; Pryce v U.S. Bank, N.A., 226 AD3d at 713). Under CPLR 205-a(a), "[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3215], the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period" (Pryce v U.S. Bank, N.A., 226 AD3d at 713).
Here, the plaintiff acknowledges that the 2010 foreclosure action was dismissed as abandoned pursuant to CPLR 3215(c). Therefore, under FAPA, and contrary to the Supreme Court's finding, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a (see id.; U.S. Bank N.A. v Onuoha, 216 AD3d at 1069).
Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred should have been granted.
The parties' remaining contentions are without merit.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court