Deutsche Bank Natl. Trust Co. v Vista Holding, LLC (2025 NY Slip Op 03707)

Deutsche Bank Natl. Trust Co. v Vista Holding, LLC

2025 NY Slip Op 03707

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-09560
 (Index No. 522593/20)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Vista Holding, LLC, respondent, et al., defendants.

Greenberg Traurig, LLP, New York, NY (Adam P. Hartley and Patrick Broderick of counsel), for appellant.
Warner & Scheuerman, New York, NY (Jonathan D. Warner and Karl E. Scheuerman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated August 30, 2023. The order granted the motion of the defendant Vista Holding, LLC, for summary judgment dismissing the complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed, with costs.
In October 2012, the plaintiff commenced an action against the defendant Vista Holding, LLC (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the prior foreclosure action). The defendant did not answer the complaint or otherwise appear in the action. In March 2016, the plaintiff moved, inter alia, for an order of reference, and the defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against it as abandoned (see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454, 455-456). In an order dated November 14, 2016, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for an order of reference and denied the defendant's cross-motion (see id. at 456). In an order dated May 17, 2017, the court, upon reargument, adhered to those prior determinations in the order dated November 14, 1016 (see id.). The defendant appealed from the order dated May 17, 2017, and, in a decision and order dated August 5, 2020, this Court reversed the order dated May 17, 2017, insofar as appealed from, and, upon reargument, among other things, denied that branch of the plaintiff's prior motion which was for an order of reference, and granted the defendant's cross-motion to dismiss the complaint insofar as asserted against it as abandoned (see id.).
In November 2020, the plaintiff commenced this action to foreclose the mortgage in reliance on the six-month savings provision pursuant to CPLR 205(a). The defendant answered the complaint and asserted affirmative defenses, including, inter alia, that the action was barred by the statute of limitations. In January 2023, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it as time-barred. The plaintiff opposed.
In an order dated August 30, 2023, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'[E]ven if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Pryce v U.S. Bank, N.A., 226 AD3d 711, 712, quoting Bush N Stuy Corp. v Bayview Loan Servicing, LLC, 215 AD3d 916, 918). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations (see CPLR 213[4]) began to run on the entire mortgage debt in October 2012, when the plaintiff commenced the prior foreclosure action and elected in the complaint of that action to call due the entire amount secured by the mortgage (see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834, 835). The defendant further established that this action was commenced in October 2020, more than six years later and is, therefore, time-barred (see id.; U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1072).
In opposition, the plaintiff failed to raise a triable of fact as to whether the statute of limitations was tolled or otherwise inapplicable or whether the plaintiff had actually commenced this action within the applicable limitations period.
The Foreclosure Abuse Prevention Act (L 2022, ch 821; hereinafter FAPA) replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4) (see id. § 205[c]; U.S. Bank Trust, N.A. v Giangrande, 229 AD3d at 835-836; Wells Fargo Bank, N.A. v Cafasso, 223 AD3d 695, 696-697). "Under CPLR 205-a(a), '[i]f an action upon an instrument described under [CPLR 213(4)] is timely commenced and is terminated in any manner other than . . . a dismissal of the complaint for any form of neglect, including, but not limited to those specified in . . . [CPLR 3215] . . . , the original plaintiff, or, if the original plaintiff dies and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period'" (U.S. Bank N.A. v Onuoha, 216 AD3d at 1072; see Wells Fargo Bank, N.A. v Cafasso, 223 AD3d at 697).
Here, the prior foreclosure action was dismissed insofar as asserted against the defendant as abandoned pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Charles, 186 AD3d 454). Therefore, the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a (see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d at 835; Wells Fargo Bank, N.A. v Cafasso, 223 AD3d at 697; U.S. Bank N.A. v Onuoha, 216 AD3d at 1069).
Contrary to the plaintiff's contention, the Legislature intended that FAPA, as well as CPLR 205-a, be applied retroactively (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1042). While the Legislature did not explicitly state that FAPA should be retroactively applied, "section 10 of FAPA clearly and unambiguously states that the law 'shall apply to all actions commenced on an instrument described under [CPLR 213(4)] in which a final judgment of foreclosure and sale has not been enforced'" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1068, quoting L 2022, ch 821, § 10). "Ultimately, the Legislature's goal, expressed in the language of FAPA and its legislative history, was to see FAPA applied retroactively" (Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 45; see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1068; 97 Lyman Avenue, LLC v MTGLQ Investors, L.P., 233 AD3d at 1042).
Specifically with regard to CPLR 205-a, the Legislature deleted language requiring that the court "set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (id. § 205[a]), which had "occasioned erroneous judicial interpretations that the court's recitation of the 'specific conduct' . . . is a condition precedent to the bar against an extension of the statute of limitations for a neglect based dismissal" (Senate Introducer's Mem in Support of 2022 NY Senate Bill S5473D, Bill Jacket, L 2022, ch 821 at 107). Accordingly, consistent with our precedent that FAPA was intended to apply retroactively (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1067; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1042), CPLR 205-a was also intended by the Legislature to apply retroactively (see Collins v Bank of N.Y. Mellon, 227 AD3d 948, 951).
The plaintiff's arguments challenging FAPA's constitutionality under the United States Constitution are also without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1043). The Takings Clause of the United States Constitution, made applicable to the states through the Fourteenth Amendment, "provides that 'private property' shall not 'be taken for public use, without just compensation" (Phillips v Washington Legal Foundation, 524 US 156, 164, quoting US Const Amend V; see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1071). "The New York State Constitution similarly provides that '[p]rivate property shall not be taken for public use without just compensation'" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1071, quoting NY Const, art I, § 7[a]; see American Economy Ins. Co. v State of New York, 30 NY3d 136, 155). "'The threshold step in any Takings Clause analysis is to determine whether a vested property interest has been identified'" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1071, quoting American Economy Ins. Co. v State of New York, 30 NY3d at 155).
Here, "the plaintiff has failed, as a threshold matter, to identify a vested property interest since a final judgment has not been entered in this action" (id.; see Matter of Hodes v Axelrod, 70 NY2d 364, 370). "Since the plaintiff has not identified any vested property interest that has been impaired by FAPA, its Takings Clause contention must fail" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1071; see American Economy Ins. Co. v State of New York, 30 NY3d at 155).
Nor does the retroactive application of CPLR 205-a violate due process. "'To comport with the requirements of due process, retroactive application of a newly enacted provision must be supported by a legitimate legislative purpose furthered by rational means'" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1069, quoting Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 375). Here, "'[t]o prevent unintended results, the Legislature enacted FAPA to clarify the judicial process through which noteholders could recover on a mortgage debt, while also protecting homeowners from having to defend multiple foreclosure actions for lengths of time that far exceed the applicable statutes of limitations'" (id., quoting U.S. Bank N.A. v Lynch, 233 AD3d 113, 117-118; see Wilmington Trust, N.A. v Farkas, 232 AD3d 524, 526). CPLR 205-a was explicitly enacted, among other things, to "ensure that mortgagees do not have an unfettered ability to bring numerous successive actions on the same mortgage, without any limitation in law" (Assembly Mem in Support, Bill Jacket, L 2022, ch 821 at 9). "Since these clarifications are rationally related to the legitimate legislative purpose of 'thwart[ing] and eliminat[ing] abusive and unlawful litigation tactics' (Assembly Mem in Support, Bill Jacket, L 2022, ch 821), 'retroactive application of FAPA to foreclosure actions where a final judgment has not been enforced does not violate plaintiff's due process rights'" (Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d at 1069, quoting U.S. Bank N.A. v Lynch, 233 AD3d at 118; see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d at 1043).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court