Nationstar Mtge., LLC v Chaim Kahana (2025 NY Slip Op 04254)

Nationstar Mtge., LLC v Chaim Kahana

2025 NY Slip Op 04254

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-09385
 (Index No. 30631/22)

[*1]Nationstar Mortgage, LLC, etc., appellant, 
v
Chaim Kahana, et al., respondents, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Charles H. Jeanfreau of counsel), for appellant.
Phillip J. Murphy, New City, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated September 22, 2022. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Chaim Kahana and Frimet Kahana and for an order of reference, and granted those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On March 23, 2010, Chase Home Finance, LLC (hereinafter Chase), commenced an action to foreclose a mortgage (hereinafter the prior action) against, among others, the defendants Chaim Kahana and Frimet Kahana (hereinafter together the defendants), alleging that the defendants had defaulted in making their mortgage payment due on July 1, 2009, and all payments due thereafter. The defendants did not interpose an answer. In August 2016, Chase moved, inter alia, for leave to enter a default judgment and for an order of reference. In an order entered August 9, 2017, the Supreme Court, among other things, granted Chase's motion.
On October 16, 2017, the referee completed a report determining the total amount due. In August 2019, Federal National Mortgage Association (hereinafter FNMA), Chase's successor in interest, moved to confirm in part and reject in part the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned based on Chase's failure to take proceedings for the entry of judgment within one year after they defaulted in the prior action or, in the alternative, due to FNMA's failure to timely move to confirm the referee's report.
In an order dated December 20, 2019 (hereinafter the 2019 dismissal order), the Supreme Court, among other things, granted that branch of the defendants' cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The court recited the procedural history of the prior action and specifically noted that Chase and FNMA had "not once but twice . . failed for years," without "even a scintilla of explanation," to take proceedings for a default judgment, first by Chase's delay in moving, inter alia, for leave to enter a [*2]default judgment and for an order of reference after the defendants' default, and then again by FNMA's delay in moving to confirm in part and reject in part the referee's report and for a judgment of foreclosure and sale. The court stated that FNMA had not demonstrated sufficient cause for its delay within the meaning of CPLR 3215(c) and, moreover, "question[ed] whether, given this record, [FNMA] could offer such sufficient cause." The court concluded by stating that even if it had not determined to grant that branch of the defendants' cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, it would have denied "all relief to confirm the referee['s] report in its current form" and would have held a hearing to determine whether interest should be tolled because the delays by Chase and FNMA "in this action are so severe and prejudicial to [the] defendants." FNMA appealed from so much of the 2019 dismissal order as granted that branch of the defendants' cross-motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, and on September 22, 2021, this Court affirmed the 2019 dismissal order insofar as appealed from (see Federal Natl. Mtge. Assn. v Kahana, 197 AD3d 1240).
On February 15, 2022, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. The defendants interposed an answer in which they asserted various affirmative defenses, including that this action was barred by the applicable statute of limitations. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, relying upon CPLR 205(a) to contend that this action was timely commenced. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was time-barred, because the prior action was dismissed for neglect to prosecute and, therefore, the plaintiff was not entitled to use the six-month safe harbor provision of CPLR 205(a). In an order dated September 22, 2022, the Supreme Court denied the plaintiff's motion and granted the defendants' cross-motion. The court determined that the prior action had been dismissed for neglect to prosecute and, therefore, the safe harbor provision of CPLR 205(a) did not apply. The plaintiff appeals.
The plaintiff contends that, contrary to the Supreme Court's determination, the prior action was not dismissed for neglect to prosecute within the meaning of CPLR 205(a) and, thus, this action was timely commenced pursuant to the six-month savings provision of that statute. However, the plaintiff's contention that it was entitled to rely upon the savings provision of CPLR 205(a), despite the dismissal of the prior action pursuant to CPLR 3215(c), is precluded by the Foreclosure Abuse Prevention Act (hereinafter FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). FAPA "replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4)," such as here (Wells Fargo Bank, N.A. v Cafasso, 223 AD3d 695, 697; see CPLR 205[c]; U.S. Bank N.A. v Onuoha, 216 AD3d 1069). "FAPA specifically defines a dismissal pursuant to CPLR 3215 as a form of neglect that precludes a plaintiff from taking advantage of the six-month savings provision" of CPLR 205(a) (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 951; see CPLR 205-a[a]).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States Constitution are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Investors, L.P., 233 AD3d 1038).
As the prior action was dismissed pursuant to CPLR 3215(c), the plaintiff is not entitled to the benefit of the six-month savings provision of CPLR 205-a. Under these circumstances, we agree with the Supreme Court's determination that this action was time-barred, and we therefore affirm the order appealed from.
In light of the foregoing, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court