Nationstar Mtge., LLC v Oliveri (2025 NY Slip Op 06067)

Nationstar Mtge., LLC v Oliveri

2025 NY Slip Op 06067

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-06373
 (Index No. 611917/22)

[*1]Nationstar Mortgage, LLC, etc., appellant, 
v
Giuseppe Oliveri, et al., defendants, Christina Oliveri, respondent.

McCarter & English, LLP, New York, NY (Adam W. Swanson and Timothy W. Salter of counsel), for appellant.
Galarza Law Office, P.C., Massapequa Park, NY (Charles W. Marino and J. Ceasar Galarza of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Elizabeth Fox-McDonough, J.), dated March 4, 2024. The order granted the motion of the defendant Christina Oliveri for summary judgment dismissing the complaint as time-barred and denied the plaintiff's cross-motion for summary judgment dismissing that defendant's affirmative defense alleging that the action is time-barred.
ORDERED that the order is affirmed, with costs.
In June 2009, the plaintiff's predecessor in interest commenced an action against the defendant Christina Oliveri (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Massapequa (hereinafter the 2009 foreclosure action). The defendant failed to answer the complaint or otherwise appear in that action. In an order dated April 27, 2011, the Supreme Court, inter alia, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). In October 2021, the plaintiff appealed from that order, but the appeal was deemed dismissed for failure to perfect.
In September 2022, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant answered the complaint and asserted affirmative defenses, including that the action was barred by the statute of limitations. In September 2023, the defendant moved for summary judgment dismissing the complaint as time-barred. The plaintiff opposed the motion and cross-moved for summary judgment dismissing the defendant's affirmative defense that the action was barred by the statute of limitations, relying on the six-month savings provision of CPLR 205(a). In an order dated March 4, 2024, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
The plaintiff's contention that it was entitled to rely upon the savings provision of CPLR 205(a), despite the dismissal of the 2009 foreclosure action pursuant to CPLR 3215(c), is precluded by the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). "FAPA replaced the savings provision of CPLR 205(a) with CPLR 205-a in actions upon instruments described in CPLR 213(4)," such as here (Nationstar Mtge., LLC v Kahana, 240 AD3d [*2]793, 796 [internal quotation marks omitted]; see U.S. Bank N.A. v Onuoha, 216 AD3d 1069, 1072). "FAPA specifically defines a dismissal pursuant to CPLR 3215 as a form of neglect that precludes a plaintiff from taking advantage of the six-month savings provision of CPLR 205(a)" (Nationstar Mtge., LLC v Kahana, 240 AD3d at 796 [internal quotation marks omitted]; see CPLR 205-a[a]; Wells Fargo Bank, N.A. v Cafasso, 223 AD3d 695, 697).
The plaintiff's arguments challenging FAPA's retroactive application and constitutionality under the United States and New York State Constitutions are without merit (see Deutsche Bank Natl. Trust Co. v Vista Holding, LLC, 239 AD3d 830, 833-834; Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1071-1072).
As the 2009 foreclosure action was dismissed pursuant to CPLR 3215(c), the plaintiff is not entitled to the benefit of the six-month savings provision of CPLR 205(a) or 205-a (see Nationstar Mtge., LLC v Kahana, 240 AD3d at 796; Wells Fargo Bank, N.A. v Cafasso, 223 AD3d at 697; U.S. Bank N.A. v Onuoha, 216 AD3d at 1072-1073).
We need not reach the parties' remaining contentions in light of our determination.
MILLER, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court